## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CASE NO.

CAMERON HARMON,

     Plaintiff,

v.

VICTORY MOTORS CORPORATION OF
PANAMA CITY and AC AUTOPAY LLC,

     Defendant.

_____/

### NATURE OF ACTION

1.      This is an action brought under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. and its implementing Regulation Z ("Reg. Z"), 12 C.F.R. Part 226 (collectively, "TILA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district.

### PARTIES

4.      Plaintiff, Cameron Harmon ("Plaintiff"), is a natural person currently residing in Hopkinsville Kentucky.

5.      Defendant, Victory Motors Corporation of Panama City (Victory), is a Florida corporation who at all relevant times was engaged in the business of selling and financing motor vehicles from a dealership located at 1213 W. 15th Street, Panama City, Florida 32401.

6. At all relevant times, Victory, in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.

7. Victory is a "creditor" within the meaning of 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. 226.2(17).

8. Victory is a creditor subject to the TILA.

9. Defendant, AC Autopay, LLC (AC), is a limited liability company formed under the laws of Delaware.

10. At all times relevant hereto, AC regularly took assignment of motor vehicle retail installment sales contracts.

## FACTUAL ALLEGATIONS

11. On November 14, 2012, Plaintiff purchased a 2003 Kia Spectra (the "Vehicle") from Defendant.

12. On November 14, 2012, and in connection with the purchase of the vehicle, Plaintiff—via his wife acting under a limited power of attorney—executed a Motor Vehicle Retail Installment Sales Contract and Security Agreement (the "Contract") in favor of Defendant.

13. A true and accurate copy of the Contract is attached hereto as Exhibit "A."

14. Plaintiff purchased the Vehicle for personal, family or household purposes.

15. Thus, the transaction was a "consumer" transaction as defined by 15 U.S.C. § 1602(i).

16.     In connection with the purchase of his vehicle, Defendant provided Plaintiff a Truth in Lending disclosure statement appearing on page one of the Contract.

17.     Defendant's Truth in Lending Disclosure statement, disclosed a finance charge of $5,373.53, an amount financed of $9,025.04 and a total of payments of $14,398.57.

18.     Defendant's Truth in Lending Disclosure statement further disclosed a payment schedule comprised of 95 semi-monthly payments of $150.00 beginning December 1, 2012, and one final payment of $148.57 due November 16, 2016.

19.     Defendant's payment schedule also included pick up payments of $500.00 due November 16, 2012, and $150.00, due December 1, 2012.

20.     The official staff commentary to Regulation Z, provides as follows:

> *Calculation of total of payments.* The total of payments is the sum of the payments disclosed under § 1026.18(g). For example, if the creditor disclosed a deferred portion of the downpayment as part of the payment schedule, that payment must be reflected in the total disclosed under this paragraph . . . .

Supplement I to 12 C.F.R. § 1026.18(h)(2).

21.     When the total of payments is calculated per the instructions of the official commentary to Regulation Z, it amounts to $15,048.57.

22.     Defendant inaccurately disclosed the total of payments in the TILA disclosures it provided Plaintiff.

23.     Upon information and good-faith belief, victory assigned the Contract to AC shortly after it was consummated.

24.     The errors in the TILA disclosures Victory provided in connection with the sale of the Vehicle are apparent from mere visual comparison of the assigned documents, and thus are apparent on the face of the documents.

25.     As assignee of Plaintiff's Contract, AC is liable for Victory's TILA violations.

**COUNT I**
**VIOLATION OF 15 § U.S.C. § 1638(a)(5)**
**DEFENDANT VICTORY**

26.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

27.     Victory violated the disclosure requirements of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 1026.18(h) by disclosing a total of payments in the amount of $14,398.57, when the total of payments required to be disclosed pursuant to the TILA is $15,048.57.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Victory violated 15 U.S.C. § 1638(a)(5) and Regulation Z, 12 C.F.R. § 1026.18(h);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge, not to exceed $2,000.00;

c)  Awarding Plaintiff actual damages, in an amount to be determined at trial pursuant to 15 U.S.C. § 1640(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 § U.S.C. § 1638(a)(5)
## DEFENDANT AC

28.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

29.    Victory violated the disclosure requirements of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 1026.18(h) by disclosing a total of payments in the amount of $14,398.57, when the total of payments required to be disclosed pursuant to the TILA is $15,048.57.

30.    Victory's violation is apparent on the face of its TILA disclosure statement.

31.    AC, as assignee of the Contract, is liable for Victory's violations of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 1026.18(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Victory violated 15 U.S.C. § 1638(a)(5) and Regulation Z, 12 C.F.R. § 1026.18(h);

b)  Adjudging that AC, as assignee of the Contract, is liable for Victory's violations of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 1026.18(h);

c)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge, not to exceed $2,000.00;

d)  Awarding Plaintiff actual damages, in an amount to be determined at trial pursuant to 15 U.S.C. § 1640(a)(1);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby demand a trial by jury.


Respectfully submitted:  August 19, 2013.

### CAMERON HARMON


By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com